# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 25, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MICHELE PETERSON, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 18-1589V |
| | \* | Special Master Gowen |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Douglas P. Dowd</u>, Dowd & Dowd, P.C., St. Louis, MO, for Petitioner.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 21, 2020, Michele Peterson ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 39). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$17,031.13**.

I.     **Procedural History**

On October 12, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza vaccine on December 9, 2016, she suffered brachial neuritis. *See* Petition (ECF No. 1). On November 25, 2019, the parties filed a stipulation, which I adopted as my Decision awarding compensation on the same day. (ECF No. 34).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 21, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $19,449.14, representing $16,950.36 in attorneys' fees and $2,498.78 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 4. Respondent reacted to the fees motion on May 22, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 40). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II.    Analysis

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

Petitioner requests the following hourly rates for the work of her counsel at Dowd & Dowd PC: for Mr. Douglas Dowd, $464.00 per hour for all work performed from 2017-2019, for Ms. Lia Dowd, $378.00 per hour for all work performed from 2018-2019, and for Ms. Laura Lumaghi, $400.00 per hour for all work performed from 2017-2019. Petitioner also requests compensation for paralegal work at $150.00 per hour for all work performed. These rates require further discussion.

Mr. Dowd has been licensed to practice law since 1978, giving him approximately 39 years of legal experience when he commenced work on this case in 2017 and placing him in the highest experience range in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.[3] However, Mr. Dowd does not have much Vaccine Program experience, with the instant case being the only case that Mr. Dowd has been the attorney of record for. I also note that Mr. Dowd's requested rate of $464.00 per hour represents the maximum attorney rate awarded in 2019, and therefore is exceeds the maximum rate for 2017 and 2018. Typically, the highest rates in a given

---

[3] The fee schedules are available at: http://www.cofc.uscourts.gov/node/2914.

range are awarded to attorneys who not only have a great deal of overall experience, but also significant Vaccine Program experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (noting that counsel's firm has a strong reputation for their Vaccine Program work and therefore "the firm's attorneys should be entitled to receive fees in the higher end of the range for their specific level of experience."). Thus, although Mr. Dowd's overall legal experience is extensive, his inexperience in Vaccine Program litigation means that a slightly lower rate is appropriate for his work. Upon review, based upon my experience and the factors set forth in *McCulloch,* I find the following hourly rates to be reasonable for Mr. Dowd: $410.00 per hour for work performed in 2017, $425.00 per hour for work performed in 2018, and $440.00 per hour for work performed in 2019. Application of these rates results in a reduction of $350.22.

Ms. Dowd has been licensed to practice law since 2008, giving her approximately 10 years of experience when she commenced work on this case in 2018. Like her colleagues, Ms. Dowd has limited Vaccine Program experience – in addition to the work in this case, she is undersigned counsel in one other Vaccine Program case. Based upon all the relevant factors, the undersigned finds the following hourly rates to be reasonable for Ms. Dowd: $315.00 per hour for work performed in 2018 and $325.00 per hour for work performed in 2019. Application of these rates results in a reduction of $1,067.89.

Ms. Lumaghi has been licensed to practice law since 2001. However, Ms. Lumaghi is not currently admitted to practice law before the Court of Federal Claims and Petitioner has provided no evidence to suggest that Ms. Lumaghi has ever been so licensed.[4] Accordingly, I cannot compensate her work in this case at attorney rates. *See Schmidt v. Sec'y of Health & Human Servs.*, No. 17-913V, 2020 WL 1528428, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2020); *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157727, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). Accordingly, Ms. Lumaghi's work must be compensated at paralegal rates, which are $148.00 per hour for 2017, $153.00 per hour for 2018, and $156.00 per hour for 2019. Application of these rates results in a reduction of $988.20.

Petitioner also requests that all paralegal work be compensated at $150.00 per hour. However, per the fee schedule for 2017, the maximum paralegal rate for that year is $148.00 per hour. Application of this rate to paralegal work performed in 2017 results in a reduction of $11.70.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$14,532.35**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total

---

[4] The Clerk's Office of the Court of Federal Claims confirmed that Ms. Lumaghi is not admitted to the Court's bar as of the date of this decision.

attorneys' costs in the amount of $2,498.78. This amount is comprised of acquiring medical records, and postage. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $16,950.36 |
| (Reduction of Fees) | - ($2,418.01) |
| **Total Attorneys' Fees Awarded** | **$14,532.35** |
| | |
| Attorneys' Costs Requested | $2,498.78 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,498.78** |
| | |
| **Total Attorneys' Fees and Costs** | **$17,031.13** |

**Accordingly, I award a lump sum in the amount of $17,031.13, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Douglas Dowd.**[5]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).